### JONAH RUTTY and ASA RUTTY *against* SIMON TYLER, 2d, and LYMAN SHALER.

A grant of land to *A.* to continue for a yard to build vessels in, by *A.* and his heirs, so long as they shall see fit, but if they cease to use it for this purpose, not to be sold by them, but for ever to remain to *B.* and his heirs, gives *A.* no more than an estate for life, and the remainder to *B.* is good.

**MOTION** for a new trial.

This was an action of trespass, in which both parties claimed title under the same deed from *Joseph Arnold*, dated 15th of *April*, 1735; by which the grantor, for the consideration of love and good will, conveyed to his daughter *Anna Tyler,* and her husband, *Nathaniel Tyler*, a piece of land, containing an acre and three roods, and then proceeded thus: " I, the said *Joseph Arnold, conditionally* give, grant, and convey unto the said *Nathaniel Tyler* near half an acre by the great river side, where said *Tyler* built the brig the summer last past; said yard being set out with stakes and stones at each corner; which said small piece of land shall continue for a yard to build vessels in, by said *Nathaniel Tyler*, and his heirs, so long as he, or any of them, shall see good; but if said *Tyler*, or his heirs, shall cease building thereon, then said yard shall neither by him, nor any of them, be sold, but shall be and for ever remain to my son *Simon Arnold*, and his heirs and assigns: This last piece, with the conditions, to have and to hold to *Anna* and *Nathaniel Tyler*, their heirs and assigns for ever, as part of their portion." The plaintiffs claimed the last-mentioned piece of land under *Simon Arnold;* the defendants, under *Nathaniel Tyler.* They claimed, that the deed from *Joseph Arnold* vested an immediate estate in fee-simple, or fee-tail, in *Nathaniel Tyler;* and that, in either case, the contingencies were too remote and uncertain, and the condition was void. But the court directed the jury, that this was a limitation in law; and that the defendants must prove, that the conditions had been complied

with, and that they had not, by ceasing to build vessels, forfeited their estate. The defendants, after a verdict for the plaintiffs, moved for a new trial, for this supposed misdirection of the court.

*Hosmer* and *Clark*, in support of the motion, contended, that a fee vested in *Nathaniel Tyler* by the grant; and, consequently, that *Simon Arnold* could take nothing. *Cro. Eliz.* 360. 379. *Pow. on Dev.* 239. *Co. Litt.* 18. *Edward Seymor's* case, 10 *Co.* 95. *Shelly's* case, 1 *Co.* 88.

*Daggett*, contra, argued, that a life estate only was given to *Nathaniel Tyler;* that the word " heirs" does not always convey a fee, but is sometimes used as *descriptio personæ.*

BY THE COURT.

The deed of *Joseph Arnold* conveyed nothing in the lands now in dispute to *Nathaniel Tyler*, but an estate for life; and this, on condition that the grantee, and his heirs, should use the land for a ship-yard. The word " heirs," as used in that part of the deed, is only descriptive of the person for whose use the estate is conveyed, and cannot enlarge the estate. The remainder, therefore, in fee, to *Simon Arnold*, was well created; and the rights of the plaintiffs, who claim under *Simon*, were correctly stated in the charge to the jury.

New trial not to be granted.